

1  Michael T. Hornak (State Bar No. 81936)
   email: mhornak@rutan.com
2  Ronald P. Oines (State Bar No. 145016)
   email: roines@rutan.com
3  Bradley A. Chapin (State Bar No. 232885)
   email: bchapin@rutan.com
4  Timothy Spivey (State Bar No. 269084)
   RUTAN & TUCKER, LLP
5  611 Anton Boulevard, Fourteenth Floor
   Costa Mesa, California 92626-1931
6  Telephone: 714-641-5100
   Facsimile: 714-546-9035
7
   Attorneys for Plaintiffs HID GLOBAL
8  CORPORATION, ASSA ABLOY AB and
   DIGITAL ANGEL CORPORATION
9
10              UNITED STATES DISTRICT COURT
11             CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  HID GLOBAL CORPORATION, a Delaware corporation; ASSA ABLOY AB, a Swedish Limited Liability Company; and DIGITAL ANGEL CORPORATION, a Delaware corporation,<br><br>                 Plaintiffs,<br><br>        vs.<br><br>FARPOINTE DATA, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>                 Defendants. | Case No. SACV10-01954 JVS (RNBx)<br><br>**COMPLAINT FOR INJUNCTION AND DAMAGES FOR:**<br><br>1.  **PATENT INFRINGEMENT**<br>2.  **FEDERAL UNFAIR COMPETITION (Lanham Act)**<br>3.  **VIOLATION OF CALIFORNIA BUSINESS &PROFESSIONS CODE §§ 17200, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

2118/025100-0015
1138147.01 a12/22/10

1     Plaintiffs HID GLOBAL CORPORATION ("HID"), ASSA ABLOY AB

2 ("AAAB") and DIGITAL ANGEL CORPORATION ("Digital Angel")

3 (collectively, "Plaintiffs"), for their Complaint against defendants FARPOINTE

4 DATA, INC. ("Farpointe"), and DOES 1 through 10, inclusive (collectively,

5 "Defendants"), allege as follows:

6                   **JURISDICTION AND VENUE**

7       1.     This is an action involving claims of patent infringement under Title

8 35, United States Code, unfair competition under the Lanham Act, 15 U.S.C.

9 §§ 1051 et seq., and claims for unfair competition under California statutory law.

10 This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C.

11 §§ 1331 and 1338(a) and (b). This Court has jurisdiction over Plaintiffs' related

12 claims based on state law pursuant to 28 U.S.C. § 1367.

13       2.     Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) and

14 (c), as Defendants reside in this judicial district, and a substantial part of the events,

15 omissions and acts which are the subject matter of this action occurred within the

16 Central District of California, and a substantial part of the property that is the

17 subject of the action is located in the Central District of California.

18                   **THE PARTIES**

19       3.     HID is a Delaware corporation having its principal place of business

20 located at 15370 Barranca Parkway, Irvine, California.

21       4.     AAAB is a Limited Liability Company established under the laws of

22 Sweden and having a principal place of business in Stockholm, Sweden. AAAB is

23 HID's parent company.

24       5.     Digital Angel is a Delaware corporation having its principal place of

25 business located in St. Paul, Minnesota.

26       6.     Plaintiffs are informed and believe, and thereon allege, that Farpointe is

27 a California corporation having its principal place of business located at 260 North

28 Wolfe Road, Sunnyvale, California.

1      7.     The true names and capacities, whether individual, corporate, associate

2   or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to

3   Plaintiffs, which therefore sue said defendants by such fictitious names.  Plaintiffs

4   will seek leave of this Court to amend this Complaint to include their proper names

5   and capacities when they have been ascertained.  Plaintiffs are informed and believe,

6   and based thereon allege, that each of the fictitiously named defendants participated

7   in and are in some manner responsible for the acts described in this Complaint and

8   the damage resulting therefrom.

9      8.     Plaintiffs allege on information and belief that each of the defendants

10  named herein as Does 1 through 10, inclusive, performed, participated in, or abetted

11  in some manner, the acts alleged herein, proximately caused the damages alleged

12  hereinbelow, and are liable to Plaintiffs for the damages and relief sought herein.

13     9.     Plaintiffs allege on information and belief that, in performing the acts

14  and omissions alleged herein, and at all times relevant hereto, each of the

15  Defendants was the agent and employee of each of the other Defendants and was at

16  all times acting within the course and scope of such agency and employment with

17  the knowledge and approval of each of the other Defendants.

18                              **HID'S BUSINESS**

19     10.    HID is in the business of, among other things, developing, marketing

20  and selling radio frequency identification ("RFID") products for security access

21  control using 125 KHz and 13.56 MHz radio signals, including access cards and

22  card readers.  These RFID products are marketed to a variety of companies,

23  industries and end users throughout the United States and the World.  HID sells

24  these products under its own name.  HID also sells the components and firmware for

25  these products to third-parties who, in turn, embed the HID technology in their own

26  third-party labeled security access systems.  These third-parties purchase from HID

27  the embedded technology as well as all of their security access cards for use with

28  their private labeled security products.  HID also licenses third parties to imbed HID

COMPLAINT

1  technology and to use HID's intellectual property, including patents, trade secrets

2  and copyrights.

3       11.    HID's card readers and access cards, and the third party RFID card

4  readers and access cards with embedded HID technology, utilize proprietary coding

5  formats and other mechanisms for uniquely coding customer identification

6  information contained within the memory resident on each access card (the "coding

7  formats").  In a security system, the readers and associated control panel contain the

8  necessary coding formats to decode customer information received from an access

9  card and permit access if the presented information is authorized customer

10  information.

11      12.    HID's products incorporate and rely upon proprietary technology.

12  Plaintiffs have a robust intellectual property portfolio that protects HID's technology

13  and brands, which portfolio includes patents, copyrights and trademarks.  Certain of

14  HID's technologies are also protected as trade secrets.

15      13.    HID is well-known throughout the United States and the World as a

16  leader in security access technology.  HID has developed and sells a variety of

17  products for a variety of solutions using various well known trademarks, including

18  but not limited to, Edge®, FlexSmart®, Indala®, iCLASS® and OMNIKEY® to

19  name a few.

20      14.    The United States Patent and Trademark Office ("USPTO") issued US

21  Patent no. 7,439,862, entitled "Antenna Array For an RFID Reader Compatible

22  With Transponders Operating At Different Carrier Frequencies" (the "'862 Patent"),

23  on October 21, 2008.  By way of assignment, AAAB is the owner of all rights, title

24  and interest in and to the '862 Patent.  HID is a licensee of the '862 Patent.

25      15.    On September 14, 1999, the USPTO issued US Patent no. 5,952,935,

26  entitled "Reprogrammable Channel Search Reader" (the "'935 Patent").  Digital

27  Angel owns the '935 Patent.  Pursuant to a license agreement dated September 21,

28  2007 (the "License Agreement"), Digital Angel granted to Assa Abloy Identification

1  Technology Group AB ("AAITG") an exclusive license in certain fields to the '935
2  Patent. Digital Angel further granted to AAITG the right to enforce the '935 Patent
3  to the full extent of the license granted, including the right to file actions for patent
4  infringement for any current or past infringement. By assignment, AAAB owns the
5  rights granted to AAITG pursuant to the Digital Angel license. Pursuant to the
6  License Agreement, Digital Angel, as owner of the '935 Patent, agreed to participate
7  in any infringement action brought by AAITG, or its successor to the rights under
8  the License Agreement, AAAB. Digital Angel is named as a plaintiff in this action
9  for that reason alone.

10                          **FARPOINTE'S BUSINESS**

11       16.    On information and belief, Farpointe sells RFID access control
12  products, including its "Pyramid Series" 125-kHz readers and cards, and its "Delta"
13  line of multi-technology (125 kHz and 13.56 MHz) readers and cards.

14       17.    On information and belief, Farpointe sells its own branded products,
15  including through a variety of distributors. Farpointe also provides access control
16  modules to OEMs, who incorporate them into OEM branded products.

17       18.    HID has in the past discussed and offered the possibility of licensing its
18  technology and intellectual property to Farpointe. However, to date, Farpointe has
19  not executed such a license. Despite this, as set forth below, Farpointe manufactures
20  and sells products that incorporate and infringe Plaintiffs' intellectual property.

21       **FARPOINTE'S FALSE AND MISLEADING STATEMENTS**

22       19.    Defendants have made, and continue to make, false and misleading
23  representations in marketing and other materials in an effort to confuse actual and
24  potential customers and compete unfairly with HID in the marketplace.

25       20.    In particular, Defendants state in marketing and other materials that
26  certain of their products are "HID compatible." This statement is false and
27  misleading for at least two reasons. First, "HID" refers to the plaintiff entity, not
28  any particular product or line of products sold by HID. Thus, even if any of

1  Farpointe's products are alleged to be compatible with any of HID's products, it is
2  false and misleading to say a Farpointe product is "HID compatible." Second, on
3  information and belief, with respect to the Farpointe products that are alleged to be
4  compatible with any HID products, such Farpointe products are not fully
5  compatible. Therefore, for this reason as well, it is false and misleading to represent
6  that any Farpointe product is "HID compatible."

7    21.   Defendants also make statements that falsely suggest they have a
8  license from HID. For example, in certain marketing materials, including materials
9  at www.farpointedata.com, Defendants state that "[d]ue to licensing fees, additional
10  charges apply for Pyramid Series readers with HID compatibility."

11    22.   Defendants have made, and continue to make, these false and
12  misleading statements in an effort to mislead actual and potential customers of
13  Farpointe – who are also actual or potential customers of HID – in an effort to steer
14  business away from HID to Farpointe.

15    23.   These statements have a tendency to deceive, and on information and
16  belief have actually deceived, a substantial segment of the consuming public. Such
17  deception is material and likely to influence purchasing decisions.

18    24.   Defendants have caused their falsely advertised goods to be sold in
19  interstate commerce. Plaintiffs have been injured by such false statements by,
20  among other things, the direct diversion of sales from HID to Farpointe.

21                    **FIRST CLAIM FOR RELIEF**

22              **(Patent Infringement – '862 Patent)**

23    25.   Plaintiffs reallege each and every allegation set forth in paragraphs 1
24  through 24, inclusive, and incorporate them herein by this reference.

25    26.   By making, using, selling, offering for sale, and/or importing into the
26  United States products that contain each and all of the elements of one or more
27  claims of the '862 patent, Defendants have infringed and are infringing the
28  '862 patent. In particular, at least Defendants' Delta 3 Multi-Technology

COMPLAINT

2118/025100-0015
1138147.01 a12/22/10                          -5-

1    Contactless Smartcard Reader infringes one or more claims of the '862 patent.

2       27.     On information and belief, Defendants' infringement of the '862 patent

3   has been and will continue to be willful, wanton and deliberate with full knowledge

4   and awareness of Plaintiffs' patent rights.

5       28.     Plaintiffs have been damaged in an amount to be determined at trial,

6   but which is no less than a reasonable royalty, and irreparably injured by

7   Defendants' infringing activities. Plaintiffs will continue to be so damaged and

8   irreparably injured unless such infringing activities are enjoined by this Court.

9       29.     Moreover, in light of the willful nature of Defendants' conduct, this

10   case should be deemed "exceptional" under the Patent Laws. As a result, in addition

11   to damages, Plaintiffs are entitled to enhanced damages and their attorneys' fees and

12   costs incurred herein.

13                      **SECOND CLAIM FOR RELIEF**

14               **(Patent Infringement – '935 Patent)**

15       30.     Plaintiffs reallege each and every allegation set forth in paragraphs 1

16   through 24, inclusive, and incorporate them herein by this reference.

17       31.     By making, using, selling, offering for sale, and/or importing into the

18   United States products that contain each and all of the elements of one or more

19   claims of the '935 patent, Defendants have infringed and are infringing the

20   '935 patent. In particular, at least Defendants' Delta 3 Multi-Technology

21   Contactless Smartcard Reader  and Defendants' Pyramid Series Proximity Readers

22   infringe one or more claims of the '935 patent.

23       32.     On information and belief, Defendants' infringement of the '935 patent

24   has been and will continue to be willful, wanton and deliberate with full knowledge

25   and awareness of Plaintiffs' patent rights.

26       33.     Plaintiffs have been damaged in an amount to be determined at trial,

27   but which is no less than a reasonable royalty, and irreparably injured by

28   Defendants' infringing activities. Plaintiffs will continue to be so damaged and

1  irreparably injured unless such infringing activities are enjoined by this Court.

2      34.    Moreover, in light of the willful nature of Defendants' conduct, this

3  case should be deemed "exceptional" under the Patent Laws.  As a result, in addition

4  to damages, Plaintiffs are entitled to enhanced damages and their attorneys' fees and

5  costs incurred herein.

6  <center>**THIRD CLAIM FOR RELIEF**</center>

7  <center>**(Federal Unfair Competition – 15 U.S.C. § 1125)**</center>

8      35.    Plaintiffs reallege each and every allegation set forth in paragraphs 1

9  through 24, inclusive, and incorporate them herein by this reference.

10      36.    Defendants' false statements in advertising materials and otherwise as

11  described in paragraphs 19 to 24 above, constitute violations of 15 U.S.C. § 1125 of

12  the Lanham Act.

13      37.    Defendants' aforesaid acts constitute deliberate and intentional

14  violations of 15 U.S.C. § 1125, causing damages, as well as irreparable harm to

15  Plaintiffs for which there is no adequate remedy at law.  Given the willful nature of

16  Defendants' conduct, this is an "exceptional" case under the Lanham Act, entitling

17  Plaintiffs to their attorneys' fees incurred herein.

18  <center>**FOURTH CLAIM FOR RELIEF**</center>

19  <center>**(California Business And Professions Code §§ 17200 et seq.)**</center>

20      38.    Plaintiffs reallege each and every allegation set forth in paragraphs 1

21  through 24, and 35 through 37, inclusive, and incorporate them herein by this

22  reference.

23      39.    The foregoing acts and conduct of Defendants described in paragraphs

24  19 through 24, constitute unfair trade practices and unfair competition under

25  California Business and Professions Code Section 17200 et seq.

26      40.    Defendants' acts have caused damage to Plaintiffs, including incidental

27  and general damages, lost profits, and out-of-pocket expenses.  Defendants should

28  therefore be required to disgorge and restore to Plaintiffs all profits and other

<center>COMPLAINT</center>

1   expenses as may be incurred by Plaintiffs.

2        41.    Plaintiffs further seek an injunction to enjoin Defendants from

3   continuing such unfair business practices.

4                   **PRAYER FOR RELIEF**

5       WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

6       1.    That Defendants, their officers, directors, agents, servants, employees,

7   and all persons and entities in active concert or participation with them, or any of

8   them, be preliminarily and permanently enjoined and restrained from further

9   infringement of the '862 Patent and the '935 Patent;

10      2.    A judgment by the Court that Defendants have infringed and are

11   infringing the '862 Patent and the '935 Patent;

12      3.    An award of damages for infringement of the '862 Patent and the '935

13   Patent, together with prejudgment interest and costs, said damages to be trebled by

14   reason of the intentional and willful nature of Defendants' infringement, as provided

15   by 35 U.S.C. § 284;

16      4.    An award of Plaintiffs' reasonable attorneys' fees pursuant to 35 U.S.C.

17   § 285 in that this is an exceptional case;

18      5.    For restitution of any money or property Defendants wrongfully

19   obtained, pursuant Business and Professions Code section 17203;

20      6.    That Defendants, their officers, directors, agents, servants, employees,

21   and all persons and entities in active concert or participation with them, or any of

22   them, be preliminarily and permanently enjoined and restrained from publishing

23   false or misleading statements, as alleged herein;

24      7.    That Plaintiffs have and recover from Defendants reasonable attorneys'

25   fees, costs and disbursements relating to this action because this is an "exceptional

26   case" pursuant to the Lanham Act;

27      8.    That the Court grant Plaintiffs restitution from Defendants by

28   disgorgement of all profits earned through Defendants conduct;

COMPLAINT

1    9.    That any monetary award include pre- and post-judgment interest at the

2  highest rate allowed by law;

3    10.    For costs of suit; and

4    11.    For such other and further relief as the Court may deem just and proper.

5  Dated:  December 22, 2010

                                    RUTAN & TUCKER, LLP
6                                    MICHAEL T. HORNAK
                                    RONALD P. OINES
7                                    BRADLEY A. CHAPIN
                                    TIMOTHY SPIVEY
8
                              By: _____
9                                        Ronald P. Oines
                                    Attorneys for Plaintiffs HID GLOBAL
10                                   CORPORATION, ASSA ABLOY
                                    AB, and DIGITAL ANGEL
11                                   CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     **DEMAND FOR JURY TRIAL**

2      Pursuant to Local Rule 38-1 of the Local Rules of the United States District

3 Court for the Central District of California, Plaintiffs hereby demand a jury trial in

4 this action.

5 Dated: December 22, 2010           RUTAN & TUCKER, LLP
                                  MICHAEL T. HORNAK

6                                   RONALD P. OINES
                                  BRADLEY A. CHAPIN

7                                   TIMOTHY SPIVEY

8                   By: _____

9                             Ronald P. Oines
                         Attorneys for Plaintiffs HID GLOBAL

10                        CORPORATION, ASSA ABLOY AB
                       and DIGITAL ANGEL

11                        CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2118/025100-0015
1138147.01 a12/22/10

                                       COMPLAINT

Michael T. Hornak SBN 81936 / Ronald P. Oines SBN 145016
Bradley A. Chapin SBN 232885 / Timothy Spivey SBN 269084
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, CA 92626
Telephone: 714-641-5100

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HID GLOBAL CORPORATION, a Delaware corporation; ASSA ABLOY AB, a Swedish Limited Liability Company; and DIGITAL ANGEL CORPORATION, a Delaware corporation,<br><br>PLAINTIFF(S)<br><br>V.<br><br>FARPOINTE DATA, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV10-01954 JVS (RNBx)**<br><br><br>**SUMMONS** |

TO:DEFENDANT(S): _____

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Michael T. Hornak, Ronald P. Oines, Bradley A. Chapin, Timothy Spivey</u>, whose address is <u>Rutan & Tucker, LLP, 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, CA 92626</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>December 22, 2010</u>

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
HID GLOBAL CORPORATION, a Delaware corporation;
ASSA ABLOY AB, a Swedish Limited Liability Company; and
DIGITAL ANGEL CORPORATION, a Delaware corporation,

**DEFENDANTS**
FARPOINTE DATA, INC., a California corporation; and DOES 1 through 10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Michael T. Hornak SBN 81936/Ronald P. Oines SBN 145016
Bradley A. Chapin SBN 232885/Timothy Spivey SBN 269084
Rutan & Tucker, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, CA  92626  Telephone: 714-641-5100

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
**X MONEY DEMANDED IN COMPLAINT: $**  According to Proof.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is an action involving claims of patent infringement under Title 35, U.S. Code and unfair competition under Lanham Act, 15 USC Section 1051 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

SACV10-01954 JVS (RNBx)

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| HID Global Corporation: Orange County | ASSA ABLOY AB: Sweden<br>DIGITAL ANGEL CORPORATION: Minnesota |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| On information and belief pursuant to 28 U.S.C. Section 1391(b) and (c), defendant Farpointe Data, Inc. resides in Orange County. | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Ronald P. Oines_    Date December 22, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com