UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01954-JVS (AJWx) | Date | February 6, 2012 |
| Title | HID Global Corp., et al. v. Farpointe Data, Inc., et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Denying Defendant's Motion for Leave to Amend Invalidity Contentions (Fld 12-22-11)

    Defendant Farpointe Data, Inc. ("Farpointe") moves this Court, pursuant to Patent Local Rule 3-6,[1] for leave to amend its Invalidity Contentions to add certain products and patents to the list of prior art. (Mot. Br., Docket No. 76.) Plaintiff HID Global et al. ("HID Global") opposes the Motion, asserting that Farpointe has failed to show good cause for these proposed amendments. (Opp. Br., Docket No. 97.) For the following reasons, the Court DENIES the Motion.

I.   Background

    Farpointe served its Invalidity Contentions on HID Global on June 16, 2011, in accordance with Patent Local Rule 3-3. (Declaration of Lisa Cole ("Cole Decl.") ¶ 3, Docket No. 77.) The Invalidity Contentions identified twenty-two prior art patents, as well as many devices and publications that Farpointe alleges constitute prior art. (Id.; Invalidity Contentions, Opp. Br., Ex. 1, Docket No. 97-1.) In the prior art publications section of the Invalidity Contentions, Farpointe included three publications authored by Deister Electronic USA ("Deister").[2] (Invalidity Contentions pp. 21, 23.)

---

[1]   The Court has adopted the Local Patent Rules of the Northern District of California.

[2]   The three publications are (1) "proxEntry PRD5-Reader for All Leading Proximity Cards"; (2) proxEntry PRD2-For All Leading Proximity Cards"; and (3) "Proximity Cards & Readers, Technology Directions & Alternatives." (Invalidity Contentions pp. 16, 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01954-JVS (AJWx) | Date | February 6, 2012 |
| Title | HID Global Corp., et al. v. Farpointe Data, Inc., et al. | | |

     Farpointe and HID Global exchanged claim construction positions on July 21, 2011. (Declaration of Ronald P. Oines ("Oines Decl.") ¶ 4, Docket No. 97.)  A claim construction hearing was held on November 14, 2011, after which the Court adopted nearly all of HID Global's proposed constructions.  (Claim Construction Order, Docket No. 59.)  The Court also followed HID Global's recommendation in declining to construe some of the claims presented by the parties.  (Id.)  Farpointe alleges that the claim constructions caused Farpointe to revisit the Invalidity Contentions.  (Mot. Br. 7.)  Farpointe asserts that it discovered certain prior art references and products possessing "one or more elements of the asserted claims as defined (or left undefined) by the Court."  (Id.)  In response to the claim construction, Farpointe seeks to add four patents and two HID Global products to the Invalidity Contentions.

     Farpointe also alleges that through discovery it found products produced by Deister that Farpointe now seeks to add to the Invalidity Contentions.  (Mot. Br. 5.)  Farpointe claims that it received more than 18,000 pages of discovery from HID Global on October 7, 2011, including an email communication between HID Global and Deister referring to "a Mult-Tech reader by Deister" invoiced for sale in 2004.  (Cole Decl. ¶ 6.)  Consequently, Farpointe subpoenaed Deister, and Deister produced responsive documents on November 10, 2011 and December 5, 2011.  (Id. at ¶ 7.)  The December 5, 2011 document production allegedly included technical specifications on interrogators with two antennas.  The Deister production also included a document that Farpointe contends indicates a sale or offer for sale before the priority date of the '862 patent.  (Id.)

     Farpointe contacted HID Global's counsel in early December 2011 to ask whether they would stipulate to an amendment to the Invalidity Contentions.  (Id. ¶ 8.)  HID Global declined to do so.  (Id.)  Farpointe now brings this Motion seeking leave to amend to add products and patents as prior art in its Invalidity Contentions.

II.    Legal Standard

     Under Patent Local Rule 3-6, a party may amend its preliminary invalidity contentions "only by order of the Court upon a timely showing of good cause."
The "good cause" inquiry "first considers whether plaintiff was diligent in amending its contentions and then considers prejudice to the non-moving party."  CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366-68 (Fed. Cir. 2006)).  The party seeking to amend its contentions bears the burden of establishing diligence.  Id. (citing O2 Micro, 467 F.3d at 1366-67).  The party seeking the amendment must show that it was diligent in moving to amendment the invalidity contentions and diligent in discovering the basis for the proposed amendment.  West v. Jewelry Innovations, Inc., 2008 U.S. Dist. LEXIS 84928, *6 (N.D. Cal. Oct. 8, 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01954-JVS (AJWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | HID Global Corp., et al. v. Farpointe Data, Inc., et al. | | |

The moving party must offer specific facts to explain why there was a delay in discovering the prior art. See C &C Jewelry Mfg. v. West, 2011 U.S. Dist. LEXIS 102161, * 9-10 (N.D. Cal. Mar. 4, 2011). "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the shifting sands approach to claim construction." Integrated Circuit Sys., Inc. v. Realtek Semiconductor Co., 308 F. Supp. 2d 1106 (N.D. Cal. 2004) (quoting Atmel Corp. v. Info. Storage Devices, Inc., 1998 U.S. Distr. LEXIS 17564, at *2-3 (N.D. Cal. Nov. 5, 1998)); C &C Jewelry Mfg., 2011 U.S. Dist. LEXIS 102161, at * 4.

III.   Discussion

Farpointe argues that it should be granted leave to amend the Invalidity Contentions because, despite its diligent efforts, it has only recently discovered four patents, two HID Global products, and twenty-nine Deister products that constitute prior art. Farpointe asserts that there is good cause for the amendments because (1) it acted diligently in discovering the bases for these amendments and it timely moved for leave to amend; and (2) HID Global will not be prejudiced by these amendments. The Court addresses each point in turn.

      **A.**     **Diligence in Amending the Invalidity Contentions**

Farpointe argues that it was diligent in discovering the bases for its amendments to the Invalidity Contentions and timely moved to amend them because Farpointe recently discovered the relevant information as a result of the claim construction and through the regular course of discovery. Farpointe claims that two events sparked the changes it seeks to make to the Invalidity Contentions.

           1.   First Event: Claim Construction

First, Farpointe asserts that the claim construction prompted it to revisit the Invalidity Contentions, and as a result of the Court's constructions, Farpointe seeks to add four patents and two HID Global products.[3] The HID Global products Farpointe seeks to add are the HID MaxiProx Wiegand Reader ("MaxiProx Reader") and the HID Installation Manual–5375-900 Rev E, MaxiProx Wiegand Reader 5375A ("Installation Manual"). (Mot Br. 7.) Farpointe argues that the Court's claim construction "broadened certain claim terms beyond Farpointe's initial understanding," and upon a diligent analysis of the construed claims, Farpointe

---

[3] Farpointe seeks to add the following patents: U.S. Patent 4,333,072; U.S. Patent 5,266,926; U.S. Patent 5,559,507; U.S. Patent 5,473,758. (Mot. Br. 7-8.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01954-JVS (AJWx) | Date | February 6, 2012 |
|---|---|---|---|
| Title | HID Global Corp., et al. v. Farpointe Data, Inc., et al. | | |

determined that certain prior art references and products described "one or more of the asserted claims as defined (or left undefined) by the Court." (Mot. Br. 7.) Farpointe relies on Patent Local Rule 3-6, which provides that "[a] claim construction by the Court different from that proposed by the party seeking amendment" may support a finding of good cause to amend Invalidity Contentions, "absent undue prejudice to the non-moving party." (Mot. Br. 7; Patent L.R. 3-6.) Farpointe argues that there is good cause for the additions of the patents and HID Global products because the Court did not adopt Farpointe's claim constructions and broadened the claims by adopting HID Global's interpretations or refraining from interpreting some claims. (Mot. Br. 8.) However, Patent Local Rule 3-6 is not an unfettered license to amend invalidity contentions after claim construction; the Court must still consider the "critical issue" of whether the moving party "exercised diligence in discovering the prior art." Streak Prods., Inc. v. Antec, Inc., 2010 U.S. Dist. LEXIS 97613, *6 (N.D. Cal. Sept. 8, 2010) (quoting Sunpower Corp. Sys. v. Sunlink Corp., 2009 U.S. Dist. LEXIS 85425, *1 (N.D. Cal. June 12, 2009)); Genetech, Inc. v. Trs. of the Univ. of Pa., 2011 U.S. Dist. LEXIS 108127, *3 (N.D. Cal. Sept. 16, 2011). Furthermore, the moving party must making a showing that the amendments were "necessitated by or affected by the Court's claim construction order." Genetech, Inc., 2011 U.S. Dist. LEXIS 108127, at * 5.

Farpointe does not seem to argue that prior to the claim construction, it was unaware of the patents and HID Global products it seeks to add;[4] rather, Farpointe argues that the construed claims "broadened the scope" of what could be considered prior art, and that the proposed additions fall into that new scope. (Mot. Br. 8.) Farpointe, however, does not explain what characteristics of the proposed patents or HID Global products match the supposedly "broadened" claims that the Court adopted. In other words, Farpointe does not show why its proposed additions are prior art now and were not prior art before the claims were construed. Farpointe states that the MaxiProx Reader and Installation Manual "include aspects of the antenna arrangements as required in many of the asserted claims of the '862 patent," but Farpointe does not explain how that became evident only after the claim construction. Similarly, Farpointe argues that aspects of the programmable interrogator in the '935 patent are described in the patents Farpointe seeks to add, but again, Farpointe does not explain how that came to

---

[4] Indeed, Farpointe produced seven documents referencing the MaxiProx Reader and Installation Manual, including an email referencing the MaxiProx Reader and a Farpointe reader comparison spreadsheet that included the MaxiProx Reader. (Oines Decl., Ex. 2, Docket No. 97-4.) Additionally, Farpointe was aware or should have been aware of the four patents it seeks to add because they are cited in U.S. Patents identified in Farpointe's original Invalidity Contentions. (Invalidity Contentions, Oines Decl., Ex. A.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01954-JVS (AJWx) | Date | February 6, 2012 |
| Title | HID Global Corp., et al. v. Farpointe Data, Inc., et al. | | |

light only after the claim construction. Farpointe's examples are conclusory and fail to show how the claim construction broadened the claims such that the proposed products and patents only now fall into the scope of prior art. Moreover, given that HID Global's constructions were also all disclosed in August 2011 in the Joint Claim Construction Statement, Farpointe cannot claim the constructions that the Court adopted came as a surprise. (Docket No. 25.)

    2. Second Event: Discovery Responses from Third Party Subpoena

    Farpointe contends that Deister produced documents on November 10, 2011 and December 5, 2011 in response to Farpointe's subpoena that led Farpointe to find the twenty-nine Deister products Farpointe now seeks to add to its Invalidity Contentions. (Mot. Br. 4-5.) Farpointe claims that it decided to subpoena Deister when it discovered references to an interrogator made by Deister among the 18,000 pages of discovery HID Global produced on October 7, 2011. (Mot. Br. 4.) Farpointe served a subpoena on Deister on October 13, 2011, and Deister produced responsive documents, which, Farpointe alleges, included a document that may indicate a sale or offer to sell a Deister reader before the priority date of the '862 patent. (Cole Decl. ¶ 7.) Additionally, Farpointe contends that a document produced on December 5, 2011 included technical specification on interrogators with two antennas. (Id.)

    Farpointe was not diligent in procuring discovery from Deister because it knew Deister could have relevant publications and products as early as June 2011 when it included three Deister publications in its Invalidity Contentions, but Farpointe failed to subpoena Deister until October 2011. (Invalidity Contentions pp. 21, 23.) Farpointe does not explain why Deister's publications on proximity card readers–publications Farpointe included in its prior art–did not prompt Farpointe to subpoena Deister in June 2011. Further, Farpointe does not explain why an email regarding a Deister reader made Farpointe realize that Deister could have relevant information on proximity card readers, but the Deister publications Farpointe cited in its prior art nearly six months before it discovered this email did not. Moreover, given the volume of Deister products Farpointe now seeks to add to the Invalidity Contentions, it is implausible that Farpointe was not, at least, on inquiry notice that Deister produced readers that might serve as prior art, particularly in light of Farpointe's familiarity with Deister at the time it drafted the Invalidity Contentions. Accordingly, Farpointe was not diligent in waiting until October 2011 to subpoena Deister.

    In sum, Farpointe was not diligent in discovering the bases for its proposed amendments to the Invalidity Contentions or in moving for leave to amend the Invalidity Contentions.

    **B.     Prejudice to HID Global in Amending the Invalidity Contentions**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01954-JVS (AJWx) | Date | February 6, 2012 |
| Title | HID Global Corp., et al. v. Farpointe Data, Inc., et al. | | |

Even if Farpointe acted diligently in discovering the bases for the proposed amendments and made a timely motion for leave to amend, the amendments would result in undue prejudice to HID Global. The deadline for rebuttal expert reports has already passed, which means that HID Global would be denied an opportunity to have its experts address any of the thirty-two new products and four new patents Farpointe seeks to add as prior art. Furthermore, the discovery cutoff date is January 30, 2012, and thus granting this Motion would also deny HID Global an opportunity to conduct discovery on the prior art Farpointe seeks to add. In C&C Jewelry, the defendant had not been diligent in seeking to amend its invalidity contentions but that even if it had been, the court would have denied the motion for leave to amend in light of the prejudice to the nonmoving party resulting from the need to reopen discovery and potentially redepose fact and expert witnesses. 2011 U.S. Dist. 102161, *10 n. 3. Similarly, in this case, HID Global would be prejudiced if the Court needed to reopen discovery and extend the expert report deadline to address the thirty-three products and four patents Farpointe should have discovered and sought to add months ago. Such discovery and expert preparation would require more than a short extension and would likely impact the trial date.

Farpointe argues that the current case schedule is "not a justifiable basis for prejudice" in light of the Court's January 9, 2012 order granting HID Global's motion to amend their Infringement Contentions. (Reply Br. 7, Docket No. 102.) The prejudice resulting from HID's amendments, however, is far less than the prejudice that would result from Farpointe's proposed amendments. First, HID Global sought to add only two Farpointe products to the Infringement Contentions, while Farpointe seeks to add thirty-two new products–only two of which are produced by HID Global–and four new patents to the Invalidity Contentions. Whereas the addition of two Farpointe products to the Infringement Contentions did not likely require Farpointe to conduct substantial additional discovery, the addition of twenty-nine products that HID Global does not produce and four new patents would almost certainly require HID Global to conduct additional discovery and procure additional expert reports. Second, Farpointe had an opportunity–albeit brief–to conduct additional discovery and procure rebuttal expert reports between January 9, 2012 when the order regarding the Infringement Contentions was issued and the respective January 27 and 30, 2012 deadlines. Here, in contrast, HID Global would had no opportunity to conduct discovery or submit rebuttal expert reports because both deadlines will have passed by the time the Court hears this Motion. Plainly, it would be unfair to allow Farpointe to "bring an entire fleet of new invalidity defenses into the fray" at this late point in litigation. Oracle Am. v. Google, Inc. 2011 U.S. Dist. LEXIS 87251, *8 (N.D. Cal. Aug. 8, 2011). Accordingly, the volume and type of proposed amendments, as well as the untimeliness of the Motion, unduly prejudice HID Global.

In sum, the prejudice to HID Global that would result from allowing these significant amendments to the Invalidity Contentions at this late stage militates against Farpointe's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01954-JVS (AJWx) | Date | February 6, 2012 |
| Title | HID Global Corp., et al. v. Farpointe Data, Inc., et al. | | |

IV. <u>Conclusion</u>

For the foregoing reasons, the Court DENIES the Motion.

IT IS SO ORDERED.

| | 0 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |